FILED
United States Court of Appeals
Tenth Circuit

July 3, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCIRCUIT

---

GARY LARRIEU,

    Plaintiff - Appellant,

v.

BEST BUY STORES, L.P.,

    Defendant - Appellee.

No. 11-1387

---

### CERTIFICATION OF QUESTION OF STATE LAW[*]

Before **MURPHY, GORSUCH,** and **HOLMES**, Circuit Judges.

---

    This case isn't just about a slip and fall at Best Buy. If it were, we'd happily decide it. This case is *also* about whether a statute adopted by the Colorado Legislature did one of two very different things — whether it effected a minor adjustment to state premises liability law or whether it rewrote much of state negligence law as well. Because the case potentially involves the fate of a large province of state tort law — and a question the Colorado Supreme Court has already indicated an interest in resolving, granting certiorari only to have the case settle before it could be decided — federalism and comity interests lead us to

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

think that court, rather than this one, should decide it. So it is we grant the appellant's motion to certify and respectfully ask the Colorado Supreme Court to take up the question.

This case started out simply enough when Gary Larrieu bought a freezer at Best Buy. Problem was, the freezer wouldn't fit into the trailer attached to his truck. Trying to ease the way, Mr. Larrieu and a Best Buy employee decided to remove the trailer's tailgate. Standing one at each end of the seventy-five pound tailgate in the Best Buy parking lot, the pair lifted the tailgate off the trailer and began walking — Mr. Larrieu backward and the employee forward. When Mr. Larrieu tripped over a curb, he fell, the gate landed on top of him, his back was injured — and he sued. Mr. Larrieu alleged that the Best Buy employee should've known better than to allow a customer to walk backwards in the parking lot carrying a heavy tailgate.

But Mr. Larrieu didn't sue for negligence. Instead, he filed a single claim entitled "Premise Liability" and cited the Colorado Premises Liability Act (PLA). *See* Colo. Rev. Stat. § 13-21-115. Though the case started in state court, Best Buy noted that the parties are from diverse states, removed the case to federal court, and eventually won summary judgment. Best Buy argued, and the district court agreed, that Mr. Larrieu failed to state a claim under the PLA because his injury wasn't caused by anything "inherently related" to the land. Now on

appeal, Mr. Larrieu seeks either reversal or certification to the Colorado Supreme Court.

When it comes to handling certification requests, we must account for two competing interests. We do not want to "trouble our sister state courts every time an arguably unsettled question of state law comes across our desks. When we see a reasonably clear and principled course, we will seek to follow it ourselves." *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007). At the same time, certification has a valuable role to play for important and novel questions of state legal policy. As the Supreme Court has observed, certification can "in the long run save time, energy, and resources and help[] build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). In particular, it "give[s] meaning and respect to the federal character of our judicial system, recognizing that the judicial policy of a state should be decided when possible by state . . . courts." *Pino*, 507 F.3d at 1236; *see also* 10th Cir. Rule 27.1.

Of course, certification is a two step process — requiring approval not just from the forwarding federal court but also by the receiving state court. So it is that before going to the trouble of certifying a question we not only worry about the standards governing *our* decision. We also cast a respectful eye at the state certification standard to ensure we are not obviously misdirecting our efforts, even as we appreciate the receiving state court has the responsibility of making the final judgment on whether its own standard is met. On its face, Colorado's

certification rule parallels our own, *see* 10th Cir. Rule 27.1, allowing the state's highest court to take a question that "may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the [Colorado] Supreme Court." Colo. App. R. 21.1(a).

Accounting for all these various considerations and standards, we believe the following question merits certification: Does Colorado's Premises Liability Act (Colo. Rev. Stat. § 13-21-115) apply to injuries caused by a defendant-landowner's employee during an activity not directly or inherently related to the land? We believe certification is warranted because the question is close, important, novel, and determinative.

First, its closeness. Everyone agrees that Mr. Larrieu suffered his injuries as a result of activities occurring on Best Buy's land. Even so, Best Buy and the district court argue that he fails to state a PLA claim. He fails, they say, because the PLA requires any injury to arise from some condition directly or inherently related to the land. And Mr. Larrieu's injury arises from a tailgate, not from anything related to the land. Maybe Mr. Larrieu could have brought a negligence claim (despite his current protestations, it's clear to us and we hold he never pursued any such claim in district court and has by now lost the right to do so). But, in Best Buy and the district court's view, his complaint has to be dismissed

because it seeks relief solely under the PLA.  Both sides have strong arguments for their respective positions.

For his part, Mr. Larrieu notes that the statute's text employs expansive language, purporting to cover all injuries caused by "activities conducted . . . on" the property, *see* § 13-21-115(2), and against all individuals "without limitation" who are "legally responsible for . . . the activities conducted on" the property. *See* § 13-21-115(1).  No one disputes Best Buy is legally responsible for the activities conducted by its employee on its property.  And plainly this suit concerns the activities of a Best Buy employee conducted on that property.  This simple statutory syllogism, Mr. Larrieu says, proves his claim should be permitted to proceed.

Mr. Larrieu also points to the fact that the Colorado Supreme Court has given expansive reach to other aspects of and terms in the PLA.  In *Vigil v. Franklin*, 103 P.3d 322 (Colo. 2004), the Colorado Supreme Court interpreted the PLA to occupy the entire field of premises liability, holding that its "definition of landowner duty is complete and exclusive, fully abrogating landowner common law duty principles." *Id.* at 328.  In *Pierson v. Black Canyon Aggregates, Inc.*, 48 P.3d 1215 (Colo. 2002), the Colorado Supreme Court adopted a professedly "expansive reading" of the statute's definition of "landowner," rejecting the Tenth Circuit's conclusion that the term retained its common law meaning. *See id.* at 1221 & n.6.  Finally, in *Union Pacific R. R. Co. v. Martin*, 209 P.3d 185 (Colo.

- 5 -

2009), the court faced a claim arising from a train engineer's alleged failure to stop an oncoming train, *id.* at 187, an injury that, at least at first blush, might appear to sound more in negligence than premises liability, *see, e.g.*, *Colorado & S. Ry. Co. v. Honaker*, 19 P.2d 759, 761 (Colo. 1933) (applying general negligence principles without discussion of plaintiff's status as trespasser, invitee, or licensee); *but see Catlett v. Colo. & S. Ry. Co.*, 139 P. 14, 18 (Colo. 1914) (discussing plaintiff's status as trespasser). Although reversing on another issue and not expressly discussing ours, *Union Pacific* reported without comment the trial court's holding that the PLA supplanted any common law negligence claim the plaintiff might have had — suggesting, if certainly not compelling, the conclusion that the statute provides a cause of action for any activity on the land of another, whether or not directly or inherently related to the land. *See Union Pacific*, 209 P.3d at 187.

Finally, Mr. Larrieu points to various Colorado Court of Appeals cases intimating that the PLA applies to any and all injuries incurred on someone else's land, even those injuries resulting from activities having little to do with the land itself. These cases include injuries arising from causes as many and various as pulling an inner tube behind an ATV, *Wycoff v. Grace Cmty. Church of Assemblies of God*, 251 P.3d 1260 (Colo. App. 2010); an errant hockey puck, *Teneyck v. Roller Hockey Colorado, Ltd.*, 10 P.3d 707 (Colo. App. 2000); dog bites, *Paris ex rel. Paris v. Dance*, 194 P.3d 404 (Colo. App. 2008), *Wilson v.*

- 6 -

*Marchiondo*, 124 P.3d 837 (Colo. App. 2005); and a shooting, *Grizzell v. Hartman Enter., Inc.*, 68 P.3d 551 (Colo. App. 2003).

But Best Buy has strong arguments of its own for its view that the PLA covers only claims involving activities directly or inherently related to land. Indeed, these arguments were enough to persuade the district court in this case to grant summary judgment in its favor.

Beginning with the text of the statute, one wonders whether Mr. Larrieu's interpretation threatens to make surplusage out of much of its language:

> In any civil action brought against a landowner by a person who alleges injury occurring while on the real property of another and by reason of the condition of such property, or activities conducted or circumstances existing on such property, the landowner shall be liable only as provided in subsection (3) of this section.

§ 13-21-115(2). Had the Colorado General Assembly intended the PLA to apply to all torts occurring on another person's property, as Mr. Larrieu submits, the statute might have simply read: "In any civil action brought against a landowner by a person who alleges injury occurring while on the real property of another." On Mr. Larrieu's reading, everything else that follows arguably does no more than repeat that point.

The only appropriate way out of this box from Best Buy's perspective is to interpret the Act against the backdrop of the common law. At common law in Colorado the activities for which a defendant could be held liable as landowner under premises liability law (rather than under normal negligence standards)

- 7 -

were, Best Buy says, only those directly or inherently related to the land. *See Giebink v. Fischer*, 709 F. Supp. 1012, 1016 (D. Colo. 1989); *Geringer v. Wildhorn Ranch, Inc.*, 706 F. Supp. 1442, 1446 (D. Colo. 1988). Though the Colorado courts have never spelled out the precise meaning of this requirement, Best Buy submits it was understood to encompass activities like construction and landscaping that modify land but not every activity that imaginably could occur on land. *See Geringer*, 706 F. Supp at 1446. By understanding the terms "activities" and "conditions" in the PLA to include this qualification — by requiring any injury to have some special relationship to the land itself — Best Buy says any surplusage dissipates.

In support of its position, Best Buy can as well point to language from the Colorado Supreme Court in *Pierson* suggesting that the PLA is limited to injuries arising only from activities directly related to that land: "Of course, the cause of action must arise out of an injury occurring on the real property of another and by reason of the condition of the property or activities or circumstances *directly related* to the property itself in order to be within the rubric of the statute." 48 P.3d at 1221 (emphasis added).

And beyond even this, Best Buy can point to the PLA's stated purposes. The Act itself sets forth the General Assembly's intentions, stating that the law was intended to create "a legal climate which will promote private property rights and commercial enterprise and will foster the availability and affordability of

insurance" and "protect landowners from liability in some circumstances when they were not protected at common law." § 13-21-115(1.5)(d), (e); *see also Gallegos v. Phipps*, 779 P.2d 856, 861 (Colo. 1989) (noting that the Act was passed to resurrect earlier common law premises liability rules). Best Buy submits that reading the Act broadly to cover any injury occurring on a landowner's property would read the law not merely as occupying the field of premises liability, but the entire world of torts committed on private property — taking out a very good chunk of state negligence law and much other tort law besides. Apparently, the common law of negligence would reign in the air but not on (private) land. And there is little evidence, Best Buy says, that the Colorado General Assembly contemplated, let alone intended, *that* result.

Not only does this case present a close question, it presents an important and novel one of state legal policy. As the parties' competing arguments illustrate, at stake here may be no less than how much of the state's common law has been statutorily displaced. If Mr. Larrieu is right and Best Buy wrong in reading the Act, the Colorado Legislature (wittingly or not) may have effected a sea change in its tort law, displacing not just a small island but continents of common law. Whether or not this is so is something Colorado courts have a profound interest in settling. Indeed, just months ago the Colorado Supreme Court recognized the importance and novelty of the question we face and granted certiorari to answer it. *See Adams v. Coyote Commc'ns, Inc.*, No. 11SC377, 2011

WL 6156854 (December 12, 2011). In the end, the Colorado Supreme Court (unfortunately for us) did not have the opportunity to answer the question only because the parties (fortunately for them) settled first. And as important as the question presented here is to state legal policy, we readily admit we lack the expertise of the Colorado courts in that area, let alone in the business of divining the Colorado General Assembly's intentions. *See, e.g.*, *Pierson*, 48 P.3d at 1221 n.6 (rejecting our attempt to interpret the premises liability statute in *Wark v. United States*, 269 F.3d 1185 (10th Cir. 2001)).

Beyond all that, the question we certify indubitably has a determinative impact on this case — and many others. If Mr. Larrieu's injury falls within the scope of the Premises Liability Act, we will have to remand the case to the district court to reach the merits; but, if his claim doesn't fall within the Act's ambit, that will spell the end of Mr. Larrieu's lawsuit, just as the district court held. *See, e.g.*, *Prof'l Bull Riders, Inc. v. Autozone, Inc.*, 113 P.3d 757 (Colo. 2005) (answering certified question the answer to which was determinative whether a claim could proceed). Any answer provided by the Colorado Supreme Court will as well carry further determinative effects: once applied to the parties before us they will be precluded from relitigating the issue (issue preclusion) and the ruling will bear binding precedential effect on courts and cases throughout the Tenth Circuit. *See, e.g.*, *U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft Ltd.*, 582 F.3d 1131, 1143 (10th Cir. 2009) (applying answer from *AE, Inc. v.*

*Goodyear Tire & Rubber Co.*, 168 P.3d 507 (Colo. 2007)); 17A Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Vikram David Amar, *Federal Practice and Procedure* § 4248 (3d ed. 1998).

To be sure, what effect an opinion answering a certified question has in the Colorado state court system is a matter for that state's highest court. We do not purport to hazard an opinion. We can only observe that any precedent issued by a court is of course subject to later reversal by that same court itself without being an advisory opinion subject to revision by another authority, *cf. Hayburn's Case*, 2 U.S. (2 Dall.) 409 (1792) (refusing to issue advisory opinion subject to revision by another branch); Erwin Chemerinsky, *Federal Jurisdiction* 49-50 (5th ed. 2007) (recounting correspondence between Jay and Jefferson); in any event, Colorado's Rule 21.1 of Appellate Procedure expressly authorizes certification; and the Court has at least sometimes seemed to treat its answers to certified questions as precedential. *See, e.g.*, *People v. Adams*, 243 P.3d 256, 262-63 (Colo. 2010) (discussing answer to certified question *In re Regan*, 151 P.3d 1281, 1287 (Colo. 2007)); *Rogers v. Westerman Farm Co.*, 29 P.3d 887, 902-03 (Colo. 2001) (discussing *Garman v. Conoco, Inc.*, 886 P.2d 652 (Colo. 1994)). As do many other state courts. *See, e.g.*, *Los Angeles Alliance for Survival v. City of Los Angeles*, 993 P.2d 334, 338-39 (Cal. 2000); *W. Helicopter Servs. Inc. v. Rogerson Aircraft Corp.*, 811 P.2d 627, 633 (Or. 1991); *Schlieter v. Carlos*, 775 P.2d 709, 710-11 (N.M. 1989); *Wolner v. Mahaska Indus., Inc.*, 325 N.W.2d 39,

41 (Minn. 1982); *In re Elliot*, 446 P.2d 347, 354-55 (Wash. 1968); *In re Richards*, 223 A.2d 827, 832 (Me. 1966).

In the end, then, and pursuant to Colo. App. R. 21.1(a) and 10th Cir. Rule 27.1, we certify to the Colorado Supreme Court the following question of state law:

> Does Colorado's Premises Liability Act (Colo. Rev. Stat. § 13-21-115) apply to injuries caused by a defendant-landowner's employee during an activity not directly or inherently related to the land?

Our statement of this question is not meant to limit the Colorado Supreme Court's scope of inquiry and we invite the Court to reformulate the question presented in any way it finds helpful.

The clerk of this court is directed to transmit a copy of this certification to counsel for all parties to the proceedings in this court. The clerk shall also submit to the clerk of the Colorado Supreme Court a copy of this order, together with copies of the briefs filed in this court, and either the original or a copy of the record as filed in this court by the Clerk of the United States District Court for the District of Colorado.

We greatly appreciate the Colorado Supreme Court's consideration of this request.

Dated this 3rd day of July, 2012.

_____
Neil M. Gorsuch
United States Court of Appeals
for the Tenth Circuit